# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

COCONA, INC., a Delaware corporation,

    Plaintiff,

v.

COLUMBIA SPORTSWEAR COMPANY, an Oregon company,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Cocona, Inc. ("Cocona"), by and through its attorneys, Kutak Rock LLP, and for its Complaint and Jury Demand against Columbia Sportswear Company, states and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. Cocona is a Delaware corporation with its principal place of business at 5480 Valmont Road, Suite 300, Boulder, CO 80301.

3. Upon information and belief, Defendant Columbia Sportswear Company ("Columbia") is an Oregon company with its principal place of business located at 14375 Northwest Science Park Drive, Portland, OR 97225.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction exists over Columbia in this District because Columbia has sold products in this District that infringe the claims of Cocona's asserted patent, derived substantial revenue from the sale of products in this District, and has systematic and continuous business contacts with this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because a substantial part of the events, acts, or omissions giving rise to the claims occurred in this District.

## FACTS

### The Asserted Patent

7. United States Patent Number 8,945,287 B2 (the "'287 Patent"), entitled Active Particle-Enhanced Membrane and Methods for Making and Using the Same, was duly and legally issued on February 3, 2015, and names Gregory W. Haggquist as the inventor. (A copy of the '287 Patent is attached hereto as Exh. 1.)

8. Cocona is the assignee of the entire right, title, and interest in the '287 Patent.

9. Claim 27 of the '287 Patent claims a water-proof composition comprising, among other things, a liquid-impermeable breathable base material comprising a first thickness; a plurality of active particles comprising the second thickness; wherein, the active particles improve the moisture vapour transport capacity of the composition. Claim 27 of the '287 Patent further states that the resulting moisture vapour transmission rate of the water-proof composition comprises from about 600 $g/m^2/day$ to about 11000 $g/m^2/day$.

10. Claim 35 claims the composition of Claim 27, wherein the composition possesses odor absorbance properties at least in part due to the active particles.

11. Claim 36 claims the composition of Claim 27, wherein the composition possesses quick drying properties at least in part due to the active particles.

12. Claim 37 claims the composition of Claim 27, wherein the active particles are selected from a specified group of materials.

13. Claim 38 claims the composition of Claim 27 further comprising: at least one removable encapsulant in an amount effective to prevent at least a substantial portion of the active particles from being deactivated prior to the removal of the removable encapsulant, and wherein the removable encapsulant is removable to reactivate at least a portion of the active particles to improve the moisture vapor transport capacity of the composition.

14. Claim 39 claims the composition of Claim 38, wherein the at least one removable encapsulant is selected from a specific group of materials.

**Columbia's Infringing Activities and Products**

15. Upon information and belief, Columbia has and continues to infringe the '287 Patent, including but not limited to Claims 27, 35, 36, 37, 38 and 39 (together the "Infringed Claims"), by making, selling, and/or offering for sale in the United States products that embody or use the inventions claimed in the '287 Patent, including but not limited to garments that incorporate a laminate marketed by Columbia under the name "Omni-Wick EVAP" (the "Infringing Products").

3

16. Prior to offering for sale the Infringing Products, Columbia met with Cocona to discuss licensing from Cocona the inventions taught by the '287 Patent, including those disclosed in the Infringed Claims.

17. During the course of their negotiations over the terms of an on-going business relationship, Cocona disclosed to Columbia and its agents Cocona's proprietary method of manufacturing products that practice the inventions taught by the '287 Patent.

18. Cocona and Columbia ultimately were unable to reach agreement on the terms of a business relationship pursuant to which Cocona, among other things, would grant Columbia permission to practice the inventions taught by the '287 Patent.

19. Upon information and belief, after discontinuing their discussions and without Cocona's knowledge or consent, Columbia began to manufacture and/or sell the Infringing Products.

20. The Infringing Products include, but are not limited to, jackets, pants, and other garments marketed by Columbia under the name EvaPOURation.

21. The Infringing Products infringe at least the Infringed Claims as they include a water-proof composition comprising, among other things, a liquid-impermeable breathable base material and active particles, wherein the active particles improve the moisture vapour transport capacity of the composition.

22. Specifically, the Columbia Omni-Wick EVAP laminate, which is included in all of Columbia's Infringing Products, is composed of at least two separate layers: a waterproof breathable membrane and a print layer.

23. Upon information and belief, the membrane contained in the Columbia Omni-Wick EVAP laminate is a liquid-impermeable cured base material and ranges in thickness from 43 microns to 48 microns thick.

24. Upon information and belief, the print layer contained in the Columbia Omni-Wick EVAP laminate is approximately 5.4 microns thick.

25. Upon information and belief, the print layer in the Columbia Omni-Wick EVAP laminate contain porous active particles comprised of silicon, oxygen, and carbon.

26. Upon information and belief, all products that contain the Columbia Omni-Wick EVAP laminate have a moisture vapor transmission rate greater than 600 g/sq. meter/24 hour period.

27. Upon information and belief, the Columbia Omni-Wick EVAP laminate is manufactured using the process disclosed to Columbia by Cocona and includes the usage of an encapsulant.

28. Upon information and belief, all products that contain the Columbia Omni-Wick EVAP laminate, including but not limited to the Infringing Products, possess odor absorbance properties due, at least in part, to the active particles.

29. Upon information and belief, all products that contain the Columbia Omni-Wick EVAP laminate, including but not limited to the Infringing Products, possess quick drying properties due, at least in part, to the active particles.

30. Columbia, either directly or through third parties acting on its behalf, has sold and/or offered for sale the Infringing Products throughout the United States, including in this judicial district.

31. Columbia has received benefits from selling and/or offering for sale the Infringing Products, including monetary proceeds.

32. Cocona is in the business of, among other things, licensing its technology, including the inventions claimed in the '287 Patent, in exchange for, among other things, monetary compensation.

33. Upon information and belief, Columbia has known of the existence of the '287 Patent and Cocona's proprietary technology, and its acts of infringement have been wilful and in disregard for the '287 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

## CLAIM FOR RELIEF
### (Patent Infringement)

34. Cocona repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Upon information and belief, Defendant Columbia has been and is infringing the '287 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, garments that incorporate the Omni-Wick EVAP laminate, including jackets and other garments sold under the name evaPOURation, in violation of 35 U.S.C. § 271(a).

36. Columbia's infringement has been, and continues to be knowing, intentional, and willful.

37. Columbia's acts of infringement of the '287 Patent have caused and will continue to cause Cocona damages for which Cocona is entitled to compensation pursuant to 35 U.S.C. § 284.

6

38. Columbia's acts of infringement of the '287 Patent have caused and will continue to cause Cocona immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Cocona has no adequate remedy at law.

39. This case is exceptional and, therefore, Cocona is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Cocona, Inc. requests judgment against Defendant Columbia Sportswear Company as follows:

1. A judgment finding that Columbia has infringed the '287 Patent, in violation of 35 U.S.C. § 271(a);

2. Granting an injunction permanently enjoining Columbia, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '287 Patent;

3. Ordering Columbia to account and pay damages adequate to compensate Cocona for its infringement of the '287 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5. Declaring this case exceptional and awarding Cocona its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

6. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Cocona, Inc. demands a jury trial on all issues so triable.

Respectfully submitted this 15th day of May, 2017.

               KUTAK ROCK LLP

               *s/ Chad T. Nitta*
               Chad T. Nitta
               Blair E. Kanis
               1801 California St., Suite 3000
               Denver, CO 80202
               Tel:  303-297-2400
               Fax:  303-292-7799
               chad.nitta@kutakrock.com
               blair.kanis@kutakrock.com

               ATTORNEYS FOR PLAINTIFF