IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No.16-cv-02703-CMA-MLC (consolidated for pretrial purposes with Civil Action No. 17-cv-01195-CMA-MLC, Cocona, Inc. v. Columbia Sportswear Company)

COCONA, INC., a Delaware corporation,

	Plaintiff,

v.

VF OUTDOOR, LLC, a Delaware limited liability company,

	Defendant.

## ORDER REOPENING CASES

	This matter is before the Court on the parties' Joint Status Report (Doc. # 86) informing the Court that the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office issued its Final Written Decision in the *inter partes* review of U.S. Patent No. 8,945,287 ("'287 Patent"), and all appeals are now terminated. Plaintiff Cocona, Inc. ("Cocona") requests that the Court reopen its cases against VF Outdoor, LLC ("VF") and Columbia Sportswear Company ("Columbia"), which are consolidated for pretrial purposes (the "case"). VF opposes reopening the case and argues that the case should be dismissed with prejudice. Columbia also opposes reopening the case. For the following reasons, the Court grants Cocona's request to reopen the case.

## I.  BACKGROUND

Cocona, a corporation that develops technology for use in outdoor apparel, initiated this patent infringement suit against VF and Columbia on November 2, 2016. (Doc. # 1.) Cocona alleges that VF and Columbia both made and sold outdoor apparel that infringed on claims 27 and 35–39 of Cocona's patent, Patent '287, of a laminate layer.[1] *See* (Doc. # 57 at 2.) The Court severed the cases against VF and Columbia on May 8, 2017; however, the cases are consolidated for the purpose of pretrial proceedings. *See* (*id.* at 6.)

With respect to the VF case, Cocona served its initial Infringement Contentions on VF on February 21, 2017. *See* (Doc. # 86 at 2.) Therein, Cocona asserted infringement of claims 27 and 35–37 of the '287 Patent ("Asserted Claims"). (*Id.*) VF served its Non-Infringement and Invalidity Contentions on April 4, 2017, denying that the accused products listed in the Infringement Contentions infringed on claims 27 and 35–37. (*Id.*) On May 16, 2017, Cocona served its Response to Invalidity Contentions. (*Id.*)

On November 15, 2017, VF filed a petition with the PTAB requesting *inter partes* review ("IPR") of Asserted Claims 27 and 35–37, as well as claims 38–39 included in

---

[1] Claim 27 of the '287 Patent claims:

> A water-proof composition comprising: a liquid-impermissible breathable curated base material comprising a first thickness; a plurality of active particles in contact with the liquid-impermeable breathable cured base material, the plurality of active particles comprising a second thickness; and wherein, the first thickness comprises a thickness at least 2.5 times larger than the second thickness but less than an order of magnitude larger than the second thickness, the active particles improve the moisture vapor transport capacity of the composition, and a moisture vapor transmission rate of the water-proof composition comprises from about 600 $g/m^2$/day to about 110000 $g/m^2$/day.

(Doc. # 46 at ¶ 9.)

the Amended Complaint and claims 28, 30, 32, and 33 of the '287 Patent. *See* (Doc. # 86 at 2.) VF then moved to stay the case pending institution of the IPR (Doc. # 62), and Columbia filed a Motion for Joinder regarding the motion to stay (Doc. # 67). After the IPR was instituted, the Court granted VF's Unopposed Renewed Motion to Stay, *see* (Doc. # 76), and administratively closed the case pursuant to D.C.COLO.LCivR 41.2 pending resolution of the IPR (Doc. # 77). The case has remained administratively closed since June 27, 2018. (Doc. # 77.)

The PTAB issued its Final Written Decision in the IPR on May 30, 2019. *See* Doc. # 86 at 2); *VF Outdoor, LLC v. Cocona, Inc.*, No. IPR2018-00190, 2019 WL 2306762 (Patent Tr. & App. Bd. May 30, 2019). The PTAB found that VF had established by a preponderance of the evidence that Asserted Claims 27 and 35–37, as well as claims 28, 30, 32, and 33 of the '287 Patent were unpatentable. However, the PTAB found that VF failed to establish that claims 38 and 39 of the '287 Patent were unpatentable.

Cocona filed a Notice of Appeal at the Court of Appeals for the Federal Circuit seeking review of the PTAB's finding that claims 27, 28, 30, 32, 33, and 35–37 were unpatentable. *See* (Doc. # 86 at 2–3.) VF then filed a Notice of Cross Appeal seeking review of the PTAB's finding that claims 38 and 39 were not unpatentable. (*Id.* at 3.) The Federal Circuit issued its decision on March 3, 2021, affirming the PTAB's Final Written Decision in its entirety. (*Id.*) Because all appeals are now terminated, the PTAB will issue a Certificate under 37 C.F.R. § 42.80 cancelling Asserted Claims 27 and 35–37, as well as claims 28, 30, 32, and 33 from the '287 Patent.

The parties filed the instant Joint Status Report (Doc. # 86) on May 5, 2021. Therein, Cocona requests that the Court reopen the case to proceed with respect to the alleged infringement of claims 38–39 of the '287 Patent. (*Id.* at 3.) VF and Columbia submitted a Joint Response (Doc. # 88) on May 24, 2021, opposing Cocona's request to reopen the case. Cocona moved for leave to file a reply, which the Court granted, and Cocona filed its Reply (Doc. # 91) on June 15, 2021.

## II.     DISCUSSION

The parties dispute whether the case should be reopened in order for Cocona to assert infringement of claims 38–39 of the '287 Patent. Cocona included these claims in its Complaint, but Cocona did not include them in the Infringement Contentions it served on VF pursuant to this Court's local rules in February 2017. *See* D.C.COLO.LPtR 4. The Columbia case was stayed prior to the deadline for serving Infringement Contentions. The Court will first address reopening the case with respect to VF.

### A.     VF

VF argues that Cocona should not be permitted to reopen the case and amend its Infringement Contentions to assert infringement of claims 38–39 because such an amendment would be procedurally improper under the Local Patent Rules. (Doc. # 88 at 8.) Further, VF avers that no good cause exists for Cocona to assert infringement of claims 38–39 and it would be prejudicial to VF to allow Cocona to do so now. (*Id.*) In response, Cocona argues that VF was on notice of claims 38–39 from the Complaint and that the case was stayed long during discovery, long before the deadline for serving final Infringement Contentions. Cocona also argues that good cause exists to permit

4

Cocona to assert infringement of claims 38–39 on the basis of the PTAB's written decision and additional third party testing that Cocona commissioned relating to claims 38–39. (Doc. # 91 at 3–4.)

First, the Court rejects VF's argument that permitting Cocona to amend its Infringement Contentions would be procedurally improper under the Local Patent Rules. The Local Patent Rules contemplate two sets of Infringement Contentions. *See Fox Factory, Inc. v. SRAM, LLC*, No. 18-cv-00127-WJM-NYW, 2018 WL 6603960, at *2 (D. Colo. Oct. 16, 2018), *report and recommendation adopted*, 2018 WL 6603881 (D. Colo. Nov. 5, 2018). In requiring that parties "provide early notice of their infringement and invalidity contentions," the Rules require the party asserting infringement to serve an **initial** set of infringement contentions ("initial Infringement Contentions"). *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 5171332, at *2 (D. Colo. Nov. 8, 2017); *see* D.C.COLO.LPtR 4. Then, after the claim construction order is filed, the party asserting infringement must serve a **final** set of infringement contentions ("final Infringement Contentions"). D.C.COLO.LPtR 16. A party seeking to amend the infringement contentions "shall include a separate statement of good cause for any amendment." D.C.COLO.LPtR 16(a)(3). Courts in this District have ruled in favor of amendments to infringement and invalidity contentions when new information is discovered or good cause otherwise exists to allow amendment. *See Crocs, Inc.*, 2017 WL 5171332, at *2; *see also Wyners Products Group, Inc. v. Cequent Performance Products, Inc.*, No. 12-cv-02640-REB-KMT, 2015 WL 3494718, at *2 (D. Colo. June 2, 2015) (explaining that the rules "seek to balance the right to develop new information in

discovery with the need for certainty as to the legal theories"). Because this case was stayed before discovery closed and well before Cocona was required to serve its final Infringement Contentions, the Court disagrees with VF that any attempted amendment by Cocona would now be procedurally improper.

Next, the Court finds that Cocona has shown that good cause exists to reopen the case and allow Cocona to amend its initial Infringement Contentions. The Federal Circuit has held that "good cause" for amendments in the context of patent litigation requires a showing of diligence. *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "Under this guidance, Courts have held that the good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Crocs, Inc.*, 2017 WL 5171332, at *3.

As to diligence, Cocona asserts that it did not include claims 38–39 in its initial Infringement Contentions because it lacked technical information for VF's products relating to the "encapsulant" described in claims 38–39.[2] (Doc. # 86 at 5.) However, Cocona argues that prior to the case being stayed, Cocona was in the process of conferring with VF over discovery responses and reasonably believed that information relevant to claims 38–39 would be obtained by documents shedding light on VF's

---

[2] Claims 38 and 39 require the presence of:

> at least one removable encapsulant in an amount effective to prevent at least a substantial portion of the active particles from being deactivated prior to the removal of the removable encapsulant, and wherein the removable encapsulant is removable to reactivate at least a portion of the active particles to improve the moisture vapor transport capacity of the composition.

(Doc. # 46 at ¶¶ 13–14.)

6

manufacturing process. (Doc. # 91 at 4, 7). At that time, VF claimed it lacked knowledge of the manufacturing process, and the case was stayed during discovery before the matter was resolved. (Doc. # 86 at 5–6.) After the PTAB issued its Final Written Decision, Cocona immediately commissioned an analysis of VF and Columbia products to identify the "encapsulant." (*Id.* at 6.) Cocona asserts that the third party analysis "resulted in a report showing that samples of the accused products from VF and Columbia included an 'encapsulant' as recited by claims 38 and 39," and that the VF sample "included the **same** encapsulant Cocona taught VF how to use when VF was a Cocona licensee." (*Id.*) Cocona argues that its efforts to promptly commission third party testing after the PTAB's decision shows diligence, particularly because Cocona claims that discovery—not testing—would have been the best source of relevant information regarding the encapsulant. (Doc. # 91 at 6.)

The Court finds that Cocona has sufficiently demonstrated diligence given the procedural posture of this case at the time it was stayed. The length of time that has passed between Cocona's initial Infringement Contentions and current request to reopen the case is not, as VF argues, a sign of unnecessary delay, but rather an effect of the lengthy administrative closure that was instituted pending the resolution of the IPR and all relevant appeals. Further, "courts in this District have ruled in favor of amendments to infringement and invalidity contentions as soon as new information is discovered." *Crocs, Inc.*, 2017 WL 5171332, at *2; *see* D.C.COLO.LPtR 16(a)(3) (identifying "discovery of previously undiscovered information" as an example of good cause for amendment of Infringement Contentions). In light of the new information

provided by Cocona related to the encapsulant testing, the Court finds that Cocona has shown that good cause exists to reopen the case now to address claims 38–39.

Finally, the Court rejects VF's arguments that it would be prejudiced by the Court reopening the case and permitting Cocona to assert infringement of claims 38–39. First, the Court notes that Cocona has included claims 38–39 in its Complaint since the beginning of this case.[3] *See* (Docs. ## 1, 46.) Second, discovery has not closed in this case and claim construction has not yet begun. Third, the Court finds unpersuasive VF's position that it was prejudiced during IPR before the PTAB by Cocona not including claims 38–39 in its initial Infringement Contentions. *See* (Doc. # 88 at 14.) Cocona's Asserted Claims in its initial Infringement Contentions included only four of the six claims referenced in the Complaint: claims 25 and 35–37. However, VF filed its petition requesting IPR review of Asserted Claims 25 and 35–37 **and claims 38–39**, as well as claims 28, 30, 32, and 33. This is not a scenario where VF was prejudiced by claims 38–39 evading PTAB review: the PTAB fully reviewed claims 38–39 and determined that VF had failed to establish by a preponderance of the evidence that those claims were unpatentable.

For the foregoing reasons, the Court finds that there is good cause to reopen the case with respect to VF and permit Cocona to amend its initial Infringement Contentions to assert infringement of claims 38–39.

---

[3] Both VF and Columbia suggest that at the time of filing the Complaint, Cocona lacked a good faith basis to assert infringement of claims 38–39 in violation of Fed. R. Civ. P. 11. *See* (Doc. # 86 at 18; Doc. # 88 at 9). The Court credits Cocona's assertion that it had a good faith basis to allege infringement of claims 38–39 because Cocona taught the patented process to VF and Columbia. (Doc. # 91 at 4 n.2).

### B.     COLUMBIA

The Columbia case was stayed early in the litigation, prior to Cocona serving its initial Infringement Contentions. (Doc. # 91 at 1.) As such, several of the arguments asserted by VF against reopening the case simply do not apply to Columbia. For the reasons already stated, the Court finds that good cause exists to reopen the case with respect to Columbia.

### III.     CONCLUSION

For the foregoing reasons, it is ORDERED that under D.C.COLO.LCivR 41.2, the Clerk is directed to REOPEN this civil action and Civil Action No. 17-cv-01195-CMA-MLC, Cocona, Inc. v. Columbia Sportswear Company.

DATED:  February 15, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge